907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert S. CHRISTENSEN, Jr., Petitioner-Appellant,
v.
T. Travis MEDLOCK, Attorney General; John Dahm, Warden,
Lincoln Correctional Center, Respondents-Appellees.
 No. 88-6850.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 10, 1990.
Decided May 30, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (C/A No. 88-2266-3)
 Herbert S. Christensen, Jr., appellant pro se.
 Salley Wood Elliott, Assistant Attorney General, Columbia, S.C., Robert M. Spire, Attorney General, Lynne R. Fritz, Lincoln, Neb., for appellees.
 D.S.C.
 AFFIRMED AS MODIFIED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Herbert S. Christensen, Jr., seeks to appeal the judgment of the district court adopting the magistrate's report and dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. The district court concluded that Christensen was not entitled to federal habeas relief until he had presented his claims to the South Carolina courts. Christensen contended that exhaustion would be futile because South Carolina would not entertain his application for post conviction relief until he was returned to South Carolina custody to recommence service of a sentence from which he had escaped. The district court rejected this contention. We agree and, with one modification, affirm the judgment below.
 
 
 2
 In Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143 (4th Cir.1990), we addressed the propriety of a district court's dismissal of a habeas petition which, for all intents and purposes, is legally and procedurally indistinguishable from the case at bar. While serving a Maryland sentence Whittlesey escaped, fled to Florida, committed an offense in violation of Florida law, was convicted and sentenced for the offense and, while serving the Florida sentence, attempted to collaterally attack the Maryland conviction. The Maryland courts refused to entertain Whittlesey's state post conviction challenges to his conviction until such time as he returned to Maryland to recommence service of his Maryland sentence. The Maryland district court dismissed the Sec. 2254 petition because Whittlesey had not exhausted his state remedies. On appeal we rejected Whittlesey's contentions that he lacked a Maryland remedy and that exhaustion would be futile. We noted that Whittlesey could challenge his Maryland conviction once he was returned to Maryland custody and held that Whittlesey had impaired the opportunity presented by the Maryland courts for presentation of his claims by his own unlawful conduct. We find nothing in Christensen's case to distinguish it from the holding we announced in Whittlesey.
 
 
 3
 Accordingly, we grant a certificate of probable cause to appeal, modify the judgment pursuant to 28 U.S.C. Sec. 2106 to reflect that the dismissal is without prejudice and, as modified, affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED AS MODIFIED.